UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| EDDY VERAS, on behalf of himself and all others similarly situated, | ) ) ) | Civil Action No. |
| Plaintiffs, | ) ) ) ) ) | |
| v. | ) ) ) ) | |
| LVNV FUNDING, LLC, MRS BPO, LLC, doing business as MRS Associates, | ) ) ) ) ) | |
| Defendant(s). | ) | |

**CLASS ACTION COMPLAINT
AND JURY DEMAND**

Plaintiff Eddy Veras, on behalf of himself and all others similarly situated by and through his undersigned attorneys, alleges against the above-named Defendants LVNV Funding, LLC (hereinafter "LVNV") and MRS BPO, LLC d/b/a MRS Associates (hereinafter "MRS"), their employees, agents, and successors the following:

**PRELIMINARY STATEMENT**

1.  Plaintiff brings this action for damages and declaratory and injunctive relief arising from the Defendants' violation of 15 U.S.C. § 1692 *et seq*., the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

1

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, § 1337, and § 1367. This is an action for violations of 15 U.S.C. § 1692 *et seq.*

3.      Venue is proper in this district under 28 U.S.C. § 1331(b)(2) because the acts and transactions that give rise to this action occurred, in substantial part, in this district.

## DEFINITIONS

4.      As used in reference to the FDCPA, the terms "creditor," "communication," "consumer," "debt," and "debt collector," are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## PARTIES

5.      The FDCPA, 15 U.S.C. § 1692 et *seq.*, which prohibits certain debt collections practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

6.      Plaintiff Eddy Veras is a natural person who resides in the State of New Jersey, County of Bergen, City of Lodi.

7.      Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

8.      Defendant MRS is a limited liability corporation chartered under the laws of New Jersey with its principal place of business located 1930 Olney Avenue, Cherry Hill, New Jersey.

9.      Defendant MRS uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or

regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

10. Defendant MRS is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

11. Defendant LVNV is a limited liability company chartered under the laws of Nevada with its principal place of business located at 625 Pilot Road, Suite 3, Las Vegas, Nevada 89119.

12. Defendant LVNV claims to acquire defaulted consumer debts originally paid to others. It then attempts to collect them.

13. Defendant LVNV uses the mails and telephone system in conducting business.

14. Defendant LVNV does business in New Jersey.

15. Defendant LVNV is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

16. Defendant LVNV has never been authorized to act as a collection agency by the New Jersey Secretary of State.

17. Defendant LVNV has never held a license under authority of the New Jersey Licensed Lenders Act authorizing it to make consumer loans, or to buy, discount or endorse notes (loans), or to receive interest greater than permitted by N.J.S.A. § 31:1-1.

## FACTUAL ALLEGATIONS

15. This action concerns attempts by MRS to collect consumer loans (credit card) made by HSBC Retail Services to Plaintiff Eddy Veras, for personal, family or household purposes and not for business purposes. The loan was allegedly purchased by LVNV.

16. HSBC Retail Services was engaged in the business of extending credit on credit cards to individuals in amounts less than $50,000 that were not secured by a first mortgage. It did so more than 26 times per year in New Jersey.

17. MRS has been attempting to collect the alleged loan made to Plaintiff Eddy Veras, on behalf of LVNV which claims to have purchased the loan after it became delinquent.

18. MRS sent Mr. Veras a letter dated March 20, 2012 in an attempt to collect the alleged debt. (Attached hereto as Exhibit A).

19. Exhibit A claims that LVNV has "purchased" Mr. Veras' account.

20. Exhibit A claims Plaintiff's outstanding account balance as of March 20, 2012 was $1,796.48.

21. Plaintiff's outstanding balance as of November 2010, the time HSBC Retail Services closed his account, was $1,404. Attached hereto as Exhibit B.

22. Exhibit A claims LVNV advised MRS that interest will continue to accrue on Plaintiff's account as provided for in his agreement with HSBC Retail Services.

23. Upon information and good-faith-belief LVNV has charged Plaintiff interest in excess of the limits imposed by N.J.S.A. § 31:1-1.

24. Exhibit A claims that MRS is entitled to payment of the alleged debt on behalf of LVNV.

25. Exhibit A is a form letter intended for use by MRS as the letter it sends to a debtor.

26. LVNV is not entitled to payment for any consumer loans.

27. LVNV is not entitled to charge and collect interest in excess of the limits imposed by N.J.S.A. § 31:1-1.

28. MRS, an agent of an unlicensed principal, is not entitled to seek payment on behalf of LVNV.

**APPLICABLE PROVISIONS OF THE NEW JERSEY LICENSED LENDERS ACT**

29. Plaintiff is a borrower as defined by the New Jersey Licensed Lenders Act (hereinafter "NJLLA"), N.J.S.A. 17:11C-1, *et seq*.

30. LVNV is a consumer lender as defined by the NJLLA, N.J.S.A. 17:11C-1, *et seq*.

31. **Section 17:11C-2 states:**

**17: 11C-2 Definitions regarding licensed lenders.**

**2. As used in this act:**

**"Borrower" means any person applying for a loan from a licensed lender under this act, whether or not the loan is granted, and any person who has actually obtained such a loan.**

**"Consumer lender" means a person licensed, or a person that should be licensed, under this act to engage in the consumer loan business.**

**"Consumer loan business" means the business of making loans of money, credit, good or things in action, which are to be used primarily for personal, family, or household purposes, in the amount of value of $50,000 or less and <u>charging, contracting for, or receiving a greater rate, discount or consideration therefore than the lender would be</u>**

**permitted by law to charge if he were not a licensee hereunder……..or in the business of buying, discounting or indorsing notes…..shall be deemed to be engaging in the consumer loan business.**

32. **NJLLA § 17:11C-3 states license required for mortgage banker, broker, secondary mortgage, consumer loan business.**

**3. a. No person shall…..engage in the consumer loan business without first obtaining a license under this act,….**

**b. The department shall issue licenses under this act which specify whether a licensee may act as a…….consumer lender. A licensee may not engage in a licensed activity under the act unless the licensee issue by the department specifies that the licensee may engage in that licensed activity.**

33. **NJLLA § 17:11C-6 states a depository institution, trust company, insurance company, or pawnbroker operating under R.S.45:22-1 et seq., may conduct consumer loan business without obtaining a license under this act and without being subject to this act.**

34. LVNV is not a licensed depository institution in New Jersey.

35. LVNV is not a licensed trust company in New Jersey.

36. LVNV is not a licensed insurance company in New Jersey.

37. LVNV is not a licensed pawnbroker in New Jersey.

38. LVNV does not have a license under the New Jersey Licensed Lenders Act. Attached hereto as Exhibit C.

39. LVNV violated the New Jersey Licensed Lenders Act by allegedly purchasing Mr. Veras's loan and charging interest in excess of limits imposed by N.J.S.A. § 31:1-1 without licenses required by the New Jersey Licensed Lenders Act.

## CLASS ACTION ALLEGATIONS

40. Plaintiff brings this action as a class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of himself and all consumers and their successors in interest (hereinafter the "Class"), who have received debt collection letters and/or notices from MRS on behalf of LVNV which are in violation of the FDCPA, as described in this Complaint.

41. This Action is properly maintained as a statewide class action. The Class consists of:

- All New Jersey consumers who were sent collections letters and/or notices from MRS on behalf of LVNV that contained at least one of the alleged violations arising from the Defendants' violations of 15 U.S.C. 1692 *et seq*.

- The Class period begins one year to the filing of this Action.

42. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection letters and/or notices from the MRS on behalf of LVNV that violate specific provisions of the

FDCPA. Plaintiffs are complaining of a standard form letter and/or notice that is sent to hundreds of persons;

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    a. Whether LVNV purchased consumer loans in violation of the New Jersey Licensed Lenders Act;

    b. Whether LVNV charged, contracted for or received interest in excess of the limitations imposed by N.J.S.A. § 31:1-1;

    c. Whether MRS and LVNV violated various provisions of the FDCPA;

    d. Whether Plaintiff and the Class have been injured by the conduct of MRS and LVNV;

    e. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    f. Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other member of the Class.
- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.
- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action
- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrong complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If Defendants' conduct is allowed to proceed without remedy they will continue to reap and retain proceeds of their ill-gotten gains.
- Defendants have acted on grounds that generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 *et. seq.*

43. Plaintiff incorporate by reference paragraphs 1-42.

44. Defendants MRS and LVNV, violated 15 U.S.C. §§ 1692e(2), 1692e(10) and 1692f(1) by sending Plaintiff and the class members letters such as Exhibit A, representing that MRS, had the right to collect payment of the alleged debt, including interest in excess of limits imposed by New Jersey law, on behalf of LVNV, the alleged purchaser of the debt.

45. Section 1692e provides:

**§ 1692e.    False or misleading representations**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general applications of the foregoing, the following conduct is a violation of this section:…**

    **(2)    The false representation of-**

        **(A)    the character, amount, or legal status of any debt;…**

    **(10)    The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer….**

46. Section 1692f provides:

**§ 1692e.    Unfair practices**

**A debt collector may not use unfair or unconscionable means to collect any debt. Without limiting the general application of the forgoing, the following conduct is a violation of this section:**

    **(1) The collection of any amount (including interest, fee charge, or expense incidental to the principal obligation) unless**

**such amount is expressly authorized by the agreement creating the debt or permitted by law.**

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the class members and against defendants for;

(1) Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A;

(2) Attorney's fees, litigation expenses and costs of suit pursuant to 15 U.S.C. § 1692k(a)(3);

(3) Such other or further relief s the Court deems proper.

Dated: Fort Lee, New Jersey
March 15, 2013

/s *Benjamin Nazmiyal*
Benjamin Nazmiyal (BN8889)
Benjamin Nazmiyal Law Group, P.C.
209 Main St.
Suite 2
Fort Lee, NJ, 07024
(201) 379-5507
(201) 849-5074 – Facsimile

**DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs hereby request a trial by jury on all issues so triable.

/s *Benjamin Nazmiyal*
Benjamin Nazmiyal, Esq.