## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| **EDDY VERAS**, on behalf of himself and all others similarly situated | : : : **Civil Action No. 1:13-cv-01745-RBK-JS** |
| Plaintiffs, **v.** | : : : |
| **LVNV FUNDING, LLC,** **MRS BPO, LLC**, doing business as MRS Associates, | : : : |
| Defendants. | : : |

## O R D E R

AND NOW, this _____ day of _____, 201_, after consideration of the Joint Motion to Dismiss filed by Defendants, LVNV Funding, LLC and MRS BPO, LLC d/b/a MRS Associates, and all responses thereto, it is hereby ORDERED that Defendants' Motion is GRANTED and Plaintiff's Complaint is hereby DISMISSED, with prejudice.

BY THE COURT:

_____
                                                                J.

140975.00601/12328568v.8

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **EDDY VERAS**, on behalf of himself and all others similarly situated | : **Civil Action No. 1:13-cv-01745-RBK-JS** |
| Plaintiffs, | : |
| v. | : |
| **LVNV FUNDING, LLC,** **MRS BPO, LLC**, doing business as MRS Associates, | : |
| Defendants. | : |

## <u>NOTICE OF MOTION TO DISMISS</u>

TO:   Benjamin Nazmiyal, Esquire
Benjamin Nazmiyal Law Group, P.C.
Counsel for Eddy Veras
209 Main Street – Suite 2
Fort Lee, NJ 07024

PLEASE TAKE NOTICE that on August 19, 2013, or as soon thereafter as counsel may be heard, the undersigned attorneys for Defendants, LVNV Funding, LLC ("LVNV") and MRS BPO, LLC d/b/a MRS Associates ("MRS"), shall move before the United States District Court for the District of New Jersey, Hon. Robert B. Kugler, at the Mitchell H. Cohen Building & U.S. Courthouse, 4th & Cooper Streets Room, Camden, NJ 08101 for an Order granting Defendants' Joint Motion to Dismiss the Complaint filed by Plaintiff, Eddy Veras ("Plaintiff"), pursuant to Rules 12(b)(6) of the Federal Rules of Civil Procedure.

PLEASE TAKE FURTHER NOTICE that as grounds for their Motion, Defendants assert as follows:

- Plaintiff fails to state any facts to support his legal conclusion that LVNV is a "debt collector" as defined by the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. (the "FDCPA");

- Plaintiff fails to state any facts to suggest how a March 20, 2012 letter that was allegedly sent to Plaintiff by MRS, on behalf of LVNV (the "MRS Notice"), was false, misleading or deceptive under the FDCPA;

- Plaintiff alleges no facts to support his claim that the MRS Notice was unauthorized or inconsistent with the underlying loan agreement or New Jersey Law, in violation of 15 U.S.C. 1692f(1);

- Plaintiff fails to state a claim under the New Jersey Consumer Finance Licensing Act, N.J. Stat. §17:11C-1 et seq. ("NJCFLA");

- To the extent Plaintiff states a claim under the NJCFLA, it must be dismissed because Plaintiff fails to state whether the loan at issue is a qualifying "consumer loan" as defined by N.J. Stat. §17:11C-2;

- To the extent Plaintiff states a claim under the NJCFLA, Plaintiff alleges no facts suggesting how the interest rate being charged on his loan is incorrect, inconsistent with the terms of his loan agreement or in violation of New Jersey law; and

- Even if Plaintiff could state a claim for alleged violations of the NJCFLA, it must be dismissed because a state law violation itself is not a per se violation of the FDCPA.

PLEASE TAKE FURTHER NOTICE that in support of their Joint Motion, Defendants shall rely upon the accompanying Memorandum of Law. A form of Order is also enclosed; and

2

PLEASE TAKE FURTHER NOTICE that oral argument is requested in the event the Motion is opposed.

/s/ Edward W. Chang
Kevin C. Rakowski, Esquire
Attorney ID No. 023511997
Edward W. Chang, Esquire
Attorney ID No. 026662002
Michael P. Trainor, Esquire
Attorney ID. No. 2932010
Blank Rome LLP
One Logan Square
Philadelphia, PA  19103
215-569-5500 (Telephone)
215-569-5555 (Fax)
KRakowski@blankrome.com
EChang@blankrome.com
MTrainor@blankrome.com

140975.00601/12328568v.8

## TABLE OF CONTENTS

**Page(s)**

I.     FACTUAL BACKGROUND AND PROCEDURAL HISTORY .................................. 2

II.    ARGUMENT ................................................................................................................ 4

    A.     Rule 12(b)(6) Motion To Dismiss Standard. ....................................................... 4

    B.     The Complaint Must Be Dismissed As To LVNV Because LVNV is Not
           A "Debt Collector." .............................................................................................. 5

    C.     Plaintiff Fails to State How The Notices Sent By MRS Violate Section 1692e
           of the FDCPA. ...................................................................................................... 7

    D.     Plaintiff's Claims Pursuant to 15 U.S.C. 1692f(1) Fail To State A Claim Upon
           Which Relief Can Be Granted. ........................................................................... 11

    E.     Plaintiff Fails To State a Claim Upon Which Relief Can Be Granted For
           Violations Of The NJCFLA. .............................................................................. 11

    F.     Even If Plaintiff Could Plead A Claim Under The NJCFLA, Which He
           Cannot, A State Law Violation Does Not Constitute A Per Se Violation Of
           The FDCPA. ....................................................................................................... 13

III.   CONCLUSION .......................................................................................................... 14

i

140975.00601/12328568v.8

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009)..................................................................................................4

*Bell Atlantic Corp. v. Twombly,*
    550 U.S. 544 (2007)...............................................................................................4, 5

*Bradshaw v. Hilco Receivables, LLC,*
    765 F. Supp. 2d 719 (D. Md. 2011) ......................................................................13

*DeFazio et al. v. Leading Edge Recovery Solutions, LLC et al.,*
    2010 WL 5146765 (D.N.J. No. 2:10-cv-02945-WJM-MF)....................................6, 7

*DiPietro v. N.J. Family Support Payment Ctr.,*
    2009 U.S. Dist. LEXIS 48691 (D.N.J. June 10, 2009) ............................................5

*Ferguson v. Credit Mgmt. Control, Inc.,*
    140 F. Supp. 2d 1293 (M.D. Fla. 2001)...............................................................9, 10

*Fowler v. UPMC Shadyside,*
    578 F.3d 203 (3d Cir. 2009)....................................................................................5

*FTC v. Check Investors, Inc.,*
    502 F.3d 159 (3d Cir. 2007)....................................................................................5

*Mario v. Aetna, Inc.,*
    221 F.3d 472 (3d Cir. 2000)....................................................................................5

*Morse v. Lower Merion Sch. Dist.,*
    132 F.3d 902 (3d Cir. 1997)....................................................................................4

*Pension Benefit Guar. Corp. v. White Consol. Indus.,*
    998 F.2d 1192 (3d Cir. 1993)..................................................................................4

*Phillips v. County of Allegheny,*
    515 F.3d 224 (3d Cir. 2008)....................................................................................4

*Randolph v. IMBS, Inc.,*
    368 F.3d 726 (7th Cir. 2004) ..................................................................................5

*Scioli v. Goldman & Warshaw P.C.,*
    651 F. Supp. 2d 273 (D.N.J. 2009)..........................................................................8

*Skinner v. Asset Acceptance, LLC,*
    876 F. Supp. 2d 473 (D.N.J. 2012) ...................................................................13, 14

ii

- Plaintiff alleges no facts to support his claim that the MRS Notice was unauthorized or inconsistent with the underlying loan agreement or New Jersey Law, in violation of 15 U.S.C. 1692f(1);

- Plaintiff fails to state a claim under the New Jersey Consumer Finance Licensing Act, N.J. Stat. §17:11C-1 et seq. ("NJCFLA")[1];

- To the extent Plaintiff states a claim under the NJCFLA, it must be dismissed because Plaintiff fails to state whether the loan at issue is a qualifying "consumer loan" as defined by N.J. Stat. §17:11C-2;

- To the extent Plaintiff states a claim under the NJCFLA, Plaintiff alleges no facts suggesting how the interest rate being charged on his loan is incorrect, inconsistent with the terms of his loan agreement or in violation of New Jersey law; and

- Even if Plaintiff could state a claim for alleged violations of the NJCFLA, it must be dismissed because a state law violation itself is not a per se violation of the FDCPA.

## I.     FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff's putative class action claims arise out of correspondence dated March 20, 2012, that was allegedly sent by MRS to Plaintiff.  [See Complaint at Exhibit A.]  According to Plaintiff, MRS allegedly sent the MRS Notice on behalf of LVNV, the current owner of the debt, in an attempt to collect on a consumer loan purportedly made by HSBC Retail Services ("HSBC

---

[1] Plaintiff cites to the New Jersey Licensed Lenders Act throughout the Complaint.  As a point of clarification, in 2009, the name of the New Jersey Licensed Lenders Act was changed to the New Jersey Consumer Finance Licensing Act.  See N.J. Stat. §17:11C-1.

2

Retail") to Plaintiff.  [See Complaint at ¶¶17-18.[2]]  Plaintiff alleges that LVNV purchased the subject loan, which was originally made by HSBC Retail to Plaintiff, and that HSBC Retail was generally engaged in the business of extending credit on credit cards to individuals in amounts less than $50,000 that were not secured by a first mortgage.  [See Complaint at ¶¶15-16.][3] According to the Complaint, LVNV "claims" to have purchased the subject loan after it became delinquent.  [See Complaint at ¶17.]  Referring to the past due amount and the interest rate listed on the MRS Notice, Plaintiff asserts, without explanation, that "upon information and good-faith-belief LVNV has charged Plaintiff interest in excess of the limits imposed by N.J.S.A. §31:1-1."  [See Complaint at ¶23.]   Conveniently, at no point does Plaintiff specify what the interest rate on the loan actually was, or what the amount past due on the loan should have been at the time of the MRS Notice.  Nor does he otherwise state how he believes the MRS Notice was inaccurate.

Plaintiff also alleges that LVNV is not entitled to payment for any consumer loans or to charge or collect interest in excess of the limits imposed by N.J.S.A. §31:1-1, based on the assertion that LVNV allegedly does not hold a license under the NJCFLA.  [See Complaint at ¶¶17, 26 and 27.]  Similarly, Plaintiff claims that MRS, acting as an alleged agent of LVNV, was not entitled to seek payment on the loan because LVNV allegedly does not hold a license as required by the NJCFLA.  [See Complaint at ¶28.]

---

[2] The numbering of the Complaint is not sequential.  For instance, paragraph 17 of the Complaint is followed by a paragraph that is numbered 15. The numbering then continues in sequential manner from paragraph 15 to the conclusion of the Complaint.  For purposes of this Brief, and in an effort to avoid further confusion, the Defendants will use the numbers cited in the Plaintiff's Complaint when reference is made to a specific paragraph thereof.

[3] Despite Plaintiff's claims that HSBC Retail originated the subject loan, the MRS Notice indicates that HSBC Bank Nevada National Association ("HSBC Nevada") was the "original creditor" on the Loan. [See Complaint at Ex. A.]

3

## II.     ARGUMENT

### A.     Rule 12(b)(6) Motion To Dismiss Standard.

A complaint will survive a motion under F.R.Civ.P. 12(b)(6) only if it states "sufficient factual allegations, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  The complaint must contain sufficient factual allegations to raise a right to relief above the speculative level, assuming the factual allegations are true.  Twombly, 550 U.S. at 555; Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008).

The Supreme Court has made clear that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."     Twombly, 550 U.S. at 555 (alteration in original); see also Iqbal, 556 U.S. at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").  Although a court may accept well-pled allegations as true for the purposes of the motion, it will not accept bald assertions, unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations.  Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997).

The Third Circuit, following Twombly and Iqbal, has held that the pleading standard of Rule 8(a), F.R.Civ.P., governing general rules for pleadings, "requires not merely a short and plain statement, but instead mandates a statement 'showing that the pleader is entitled to relief.'" Phillips, 515 F.3d at 234.  In a Rule 12(b)(6) motion, the Court is limited in its review to a few basic documents:  the complaint, exhibits attached to the complaint, matters of public record, and undisputedly authentic documents if the complainant's claims are based upon those documents. See Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993).

4

A court need not accept bald assertions, unwarranted inferences or legal conclusions. Mario v. Aetna, Inc., 221 F.3d 472, 485 n.12 (3d Cir. 2000). In deciding whether to dismiss a complaint, courts must separate the legal elements and factual allegations of the claim, accepting the well-pleaded facts but disregarding the legal conclusion. Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009).

The Complaint is riddled with the blanket assertions that the Twombly standard was designed to guard against and cannot survive Defendants' Motion to Dismiss, under any formulation of this standard.

## B. The Complaint Must Be Dismissed As To LVNV Because LVNV is Not A "Debt Collector."

Plaintiff's allegation in paragraph 12 of the Complaint that LVNV "claims to acquire defaulted consumer debts originally paid to others" and "then attempts to collect them" is conclusive and does not meet the pleading requirements for successfully alleging that LVNV is a "debt collector" as defined by 15 U.S.C. §1692a(6). The FDCPA defines a "debt collector" as one who "regularly collects or attempts to collect . . . debts owed or due or asserted to be owed or due another." 15 U.S.C. §1692a(6); see FTC v. Check Investors, Inc., 502 F.3d 159, 171 (3d Cir. 2007). However, creditors to whom a debt is owed, are not "debt collectors" and thus are excluded from the provisions of the FDCPA. See, e.g., DiPietro v. N.J. Family Support Payment Ctr., 2009 U.S. Dist. LEXIS 48691, at *16 (D.N.J. June 10, 2009) (quoting Pollice v. National Tax Funding, L.P., 225 F.3d 379, 403 (3d Cir. 2000)) (The FDCPA's provisions generally apply only to "debt collectors."); Randolph v. IMBS, Inc., 368 F.3d 726, 729 (7th Cir. 2004) ("[A] distinction between creditors and debt collectors is fundamental to the FDCPA, which does not regulate creditors' activities at all."). In addition, "a "debt collector" does not include any person who collects or attempts to collect a debt owed to another to the extent such activity concerns a

5

debt which was not in default at the time it was obtained by such person. See 15 U.S.C. §1692a(6)(F)(iii); see also, DeFazio et al. v. Leading Edge Recovery Solutions, LLC et al., 2010 WL 5146765 (D.N.J. No. 2:10-cv-02945-WJM-MF).[4]

In DeFazio, this Court granted LVNV's Rule 12(b)(6) Motion to Dismiss because the debtor plaintiff failed to set forth sufficient factual allegations to "support whether LVNV is a 'debt collector' beyond a mere speculative level." DeFazio, 2010 WL 5146765 at *3. In granting LVNV's Motion to Dismiss in that case, this Court reasoned that "the Complaint does not state the principal purpose of LVNV's business, how often LVNV collects debts due to third parties in its regular business practice, how long it has been doing so, etc." Id. at *8. The Court also noted that "there are no factual allegations in the Complaint as to where the debt in question originated from or as to the status of the debt owed to [the originator of the loan] at the time the debt was acquired by LVNV." Id. Instead, the plaintiff in DeFazio merely alleged that "LVNV is primarily in the business of acquiring and/or collecting debts that are allegedly due to another and is therefore a 'Debt Collector'…" In DeFazio this court found that

> [t]his is a formulaic recitation of the first sentence of the definition of "debt collector," which is precisely what Iqbal and Twombly advise against. This Court is not finding that LVNV is a "debt collector" based solely on Plaintiff's statement in her Complaint that LVNV is a "debt collector." This is an unsupported conclusion disguised as a factual allegation. …"

Defazio, 2010 WL 5146765 at *7.

Plaintiff's allegations here are at least as deficient as those made in DeFazio. Plaintiff does not state the principal purpose of LVNV's business. Plaintiff does not allege how often LVNV collects debts due to third parties in its regular business practice. And, Plaintiff does not allege how long LVNV has been collecting debts. Incredibly, Plaintiff does not even state

---

[4] A copy of this opinion is attached hereto as Exhibit "A."

6

whether the loan was in default at the time LVNV purportedly acquired it from HSBC Nevada or HSBC Retail, but hedges and states that Defendant "claims to have purchased the loan after it became delinquent." [See Complaint at ¶17.]

Therefore, as in <u>DeFazio</u>, Plaintiff has failed to set forth sufficient factual allegations to support whether LVNV is a debt collector beyond a mere speculative level. Accordingly, the Complaint must be dismissed.

### C. Plaintiff Fails to State How The Notices Sent By MRS Violate Section 1692e of the FDCPA.

Even assuming *arguendo* that LVNV should be considered to be a debt collector, under the most liberal construction, Plaintiff's claim that Defendants violated Section 1692e of the FDCPA is fatally flawed because he completely fails to suggest how the MRS Notice was false, misleading or deceptive, in violation of Section 1692e.

15 U.S.C. § 1692e provides, in part, that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. More specifically, §1692e(2) prohibits the false representation of "(A) the character, amount, or legal status of any debt; or (B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt." Further, Section 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

At no point does Plaintiff state how the MRS Notice violates Section 1692e. Rather, in an obvious attempt to avoid acknowledging whether he is indeed in default on his loan payments, Plaintiff tip-toes around the issue by vaguely suggesting (without explanation) that the interest rate that he has been charged does not comply with New Jersey law. [See Complaint at ¶23 (stating "[u]pon information and good-faith-belief LVNV has charged Plaintiff interest in excess

7

of the limits imposed by N.J.S.A. §31:1-1").] Plaintiff does not state what the correct interest rate is pursuant to the terms of the loan agreement or otherwise, nor what improper rate he claims is being charged. Moreover, he ignores the fact that the MRS Notice makes absolutely no reference to any specific interest rate, but refers only to the terms of the agreement with the original lender: "interest will continue to accrue on your account as provided for in your agreement with the original creditor." [See Complaint at Exhibit A.] Any suggestion that the MRS Notice incorrectly states the interest rate is disingenuous, and Plaintiff offers no explanation as to how any false, misleading or deceptive debt collection practices were used in connection with the MRS Notice.

Similarly, at no point does Plaintiff state that the outstanding debt amount in the MRS Notice is incorrect, let alone falsely represented. The Complaint only restates account figures that seem to suggest that the past due amount listed on the MRS Notice was incorrect. [See Complaint at ¶¶20-21.] Plaintiff conveniently fails to indicate how the past due amount listed on the MRS Notice is incorrect and does nothing more than allege generally that the MRS Notice states there is an outstanding balance.[5]

When addressing claims under §1692e, "the question is whether the allegedly deceptive communication 'can be reasonably read [by the least sophisticated debtor] to have two different meanings, one of which is inaccurate.'" Scioli v. Goldman & Warshaw P.C., 651 F. Supp. 2d 273, 280 (D.N.J. 2009). Although the least sophisticated consumer standard is a low standard, it

---

[5] Plaintiff clearly should know, or could have determined with reasonable investigation, whether his loan was in default, the amount owed and the interest rate that should have been charged on the loan when it went into default. As a result, despite his pleading, Plaintiff should certainly have been able to confirm whether the MRS Notice was inaccurate (which it clearly was not). Plaintiff also should be well aware of his obligations under Rule 11, F.R.C.P., to reasonably investigate the factual basis for his claims before presenting his Complaint to the Court. Without stating how the MRS Notice was inaccurate or otherwise violated the FDCPA, the Complaint contains internal inconsistencies and smacks of dissembling, and under these circumstances, he cannot state any facts necessary to support the most basic elements of his claims.

nonetheless "prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness and presuming a basic level of understanding and willingness to read with care." Chulsky v. Hudson Law Offices, P.C., 777 F. Supp. 2d 823, 830 (D.N.J. 2011).

In applying the least sophisticated consumer standard to the context of debt collection notices, courts have held that debt collection notices did not violate the FDCPA, specifically § 1692e, when the notices merely provide information to the debtor. See Ferguson v. Credit Mgmt. Control, Inc., 140 F. Supp. 2d 1293, 1303 (M.D. Fla. 2001); Wade v. Regional Credit Ass'n, 87 F.3d 1098, 1100 (9th Cir. Idaho 1996). In both Ferguson and Wade, the debt notices sent by the defendant informed the debtor plaintiff of an unpaid debt. The notices also properly informed the debtor plaintiff that failure to pay might adversely affect their credit reputation. Id.

The court in Ferguson determined that the debt collection notice did not falsely represent that the defendant had the power to collect a debt in the state, nor did it indicate that it was licensed to act as a collection agency. Ferguson, 140 F. Supp. 2d at 1303 (M.D. Fla. 2001). The notice merely informed plaintiff of the debt owed and that he should contact defendant to make payment. Id. Moreover, the debt collection notice did not state that the debt should be paid within a specific time period and there was nothing in the notice indicating that defendant intended to take action against plaintiff if he failed to pay the debt. Id. Accordingly, the court held that the notice was not designed to mislead or deceive even the least sophisticated consumer and that defendant did not violate § 1692e(10) of the FDCPA by sending the notice to plaintiff without first registering with the Florida Department of Banking.

9

Similarly, in Wade, the debt collection notice stated that "this has been sent to you by a collection agency and is an attempt to collect a debt and any information obtained will be used for that purpose." Wade, 87 F.3d at 1100 (9th Cir. Idaho 1996).  As a result, the court held that the notice did not violate Section 1692e(2) or Section 1692e(10), because the notice correctly informed the debtor plaintiff that she had an unpaid debt and that failure to pay might adversely affect her credit reputation.  Further, the debt notice did not include any false representation such that would lead the debtor to believe that the party sending the notice had the power to collect the debt. Id.

The MRS Notice upon which Plaintiff bases his unsubstantiated claims is almost identical in all material respects to the communications addressed by the courts in Ferguson and Wade. The MRS Notice merely informs Plaintiff of the outstanding debt, and makes no demands, imposes no deadlines, nor makes any threats. [See Complaint at Exhibit A.]  The MRS Notice also does not assert that LVNV or MRS are licensed to collect the debt owed by Plaintiff in the state of New Jersey. Id.  Further, as in Wade, the MRS Notice contains the following advisory language: "[t]his is an attempt to collect a debt and any information obtained will be used for that purpose.  This communication is from a debt collection agency." Id.  The MRS Notice also advises of processes by which Plaintiff could dispute the Notice. Id.  Accordingly, pursuant to the least sophisticated consumer standard, and in line with the decisions in both Wade and Ferguson, Plaintiff cannot possibly allege that Defendants violated §1692e of the FDCPA as, on its face, the subject notice is not deceptive, misleading, or otherwise violative of §1692e. Consequently, Plaintiff's allegations pursuant to 15 U.S.C. §1692e(2) and 15 U.S.C. §1692e(10) must be dismissed.

10

**D.    Plaintiff's Claims Pursuant to 15 U.S.C. 1692f(1) Fail To State A Claim Upon Which Relief Can Be Granted.**

15 U.S.C. § 1692f generally provides that a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.  Section 1692f(1) prohibits "the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) *unless such amount is expressly authorized by the agreement creating the debt or permitted by law*." (emphasis added).

Plaintiff fails to classify any action taken by either Defendant as unfair or unconscionable.  At no point does Plaintiff allege how any debt referenced in the MRS Notice was unauthorized by the underlying loan agreement or otherwise not permitted.  To the contrary, the MRS Notice expressly states that "interest will continue to accrue on your account as provided for in your agreement with the original lender."  [See Complaint at Exhibit A.]  As such, nothing in the MRS Notice could possibly be considered an attempt to collect any amount that is not otherwise expressly authorized by the underlying loan agreement.  The MRS Notice does not violate 15 U.S.C. §1692f(1) and Plaintiff completely fails to state any facts to suggest otherwise.

**E.    Plaintiff Fails To State a Claim Upon Which Relief Can Be Granted For Violations Of The NJCFLA.**

Plaintiff's only specifically articulated claim (Count I) alleges that Defendants violated the FDCPA.  However, Plaintiff also makes veiled reference to the New Jersey Consumer Finance Licensing Act, N.J. Stat. §17:11C-1 et seq. ("NJCFLA"), and appears to suggest that both LVNV and MRS violated the NJCFLA because (1) they are not licensed to collect debts in the state of New Jersey and (2) that LVNV charged interest in excess of the limits imposed by N.J.S.A. §31:1-1.  [See Complaint at ¶28-40.]  In the event that Plaintiff does intend to state a claim under the NJCFLA, it is not sufficiently pled.

11

At no point does Plaintiff specifically state that the loan at issue was a "consumer loan" as defined by N.J. Stat. §17:11C-2 and, as such, Plaintiff fails to allege facts to support even this most basic element of his claim.  N.J. Stat. §17:11C-2 defines a "consumer loan" as "a loan of $50,000 or less made by a consumer lender, payable in one or more installments, pursuant to the terms of P.L. 1996, c.157 (C.17:11C-1 et al.), and not a residential mortgage loan as defined by section 3 of P.L. 2009, c.53 (C.17:11C-53).  Plaintiff appears to be aware of this definition as he states broadly that HSBC Retail "engaged in the business of extending credit cards to individuals in amounts less than $50,000 that were not secured by a residential mortgage."  [See Complaint at ¶16.]  However, Plaintiff states no facts indicating the nature or amount of his loan, sufficient to implicate the NJCFLA.

Further, although Plaintiff states that "LVNV violated the [NJCFLA] by allegedly purchasing Mr. Veras' loan and charging interest in excess of limits imposed by N.J.S.A. §31:1-1", as set forth above, Plaintiff does not allege what interest rate was improperly charged, and which rate should have applied.  [See Complaint at ¶39 (emphasis added).]  Rather, Plaintiff attempts to avoid making any direct allegation that the interest rate exceeded statutory limits, by qualifying his claim with the modifiers "allegedly," and "[u]pon information and good faith belief."  [See Complaint at ¶23 (stating that "[u]pon information and good-faith belief LVNV has charged Plaintiff interest in excess of the limits imposed by N.J.S.A. §31:1-1.").]  The reason for this tactic is clear – this claim is pure makeweight, and Plaintiff has no facts on which to base a claim that the interest rate exceeded any legal limit.  To the contrary, the MRS Notice expressly states that "interest will continue to accrue on your account as provided for in your agreement with the original lender."  [See Complaint at Exhibit A.]

12

Further, Plaintiff's bald assertion that the interest rate is in excess of that which is permissible under N.J.S.A. §31:1-1 inaccurately assumes that New Jersey law applies to and controls what rate can be charged on the agreement at issue.   This assertion is entirely unsupported not only because Plaintiff fails to make any specific reference to the subject agreement, but also in light of the well recognized proposition that a national bank may charge its loan customers interest at the rate permitted by the state where the bank is located, and not necessarily by the state where the borrower resides.   See *Smiley v. Citibank* (South Dakota), N.A., 517 U.S. 735, 743-744, (1996); <u>see also</u>, National Banking Act, 12 U.S.C.A. §85.   Here, since the subject agreement was purportedly originated by a national bank, i.e. HSBC Nevada, and since Plaintiff does not allege that HSBC Nevada is located in New Jersey and cites no other facts or legal support  which would suggest how New Jersey law controls the interest rate , Plaintiff fails to state a claim under the NJCFLA.

**F.    Even If Plaintiff Could Plead A Claim Under The NJCFLA, Which He Cannot, A State Law Violation Does Not Constitute A Per Se Violation Of The FDCPA.**

Plaintiff appears to suggest that, as a result of an alleged violation of the NJCFLA (which as discussed above, is not properly pled), Defendants are in *per se* violation of the FDCPA. Thus, without specifically articulating a separate claim based on the NJCFLA, is appears that Plaintiff is attempting to bootstrap an FDCPA claim by reference to an unsupported, and insupportable, NJCFLA claim.   This is impermissible.

A "state law violation itself is not a per se violation of the FDCPA." <u>Skinner v. Asset Acceptance, LLC</u>, 876 F. Supp. 2d 473 (D.N.J. 2012); <u>see also</u> <u>Bradshaw v. Hilco Receivables, LLC</u>, 765 F. Supp. 2d 719 (D. Md. 2011)("debt collector actions in violation of state law [do] not automatically constitute per se violations of the [FDCPA]").   In <u>Skinner,</u> this Court granted a defendant's motion for summary judgment, dismissing the plaintiff's class action complaint,

13

which alleged violation of the FDCPA based on consumer debt collection actions in violation of a New Jersey statute.  The Court held that even though the defendant's attempt to collect a debt may have been contrary to New Jersey law, defendant's challenged conduct must also stand as a violation of the FDCPA in order for the plaintiff to maintain her FDCPA claim.

As in <u>Skinner</u>, even if Plaintiff had sufficiently pled a claim under the NJCFLA, that state law violation would not be sufficient to establish a FDCPA claim absent an independent violation of the FDCPA.  Since Plaintiff falls woefully short of pleading a valid FDCPA claim, he cannot possibly rely on a vaguely alleged and completely unsupported state law claim to support his otherwise deficient and fatally flawed FDCPA claim.

## III.   CONCLUSION

For the reasons set forth above, all claims made by Plaintiff as to both LVNV and MRS must be dismissed.

/s/ Edward W. Chang
Kevin C. Rakowski, Esquire
Attorney ID No. 023511997
Edward W. Chang, Esquire
Attorney ID No. 026662002
Michael P. Trainor, Esquire
Attorney ID. No. 2932010
Blank Rome LLP
One Logan Square
Philadelphia, PA  19103
215-569-5500 (Telephone)
215-569-5555 (Fax)
KRakowski@blankrome.com
EChang@blankrome.com
MTrainor@blankrome.com

14

## EXHIBIT A

15

Westlaw

Not Reported in F.Supp.2d, 2010 WL 5146765 (D.N.J.)
**(Cite as: 2010 WL 5146765 (D.N.J.))**

C

Only the Westlaw citation is currently available.

**This decision was reviewed by West editorial staff
and not assigned editorial enhancements.**

United States District Court,
D. New Jersey.
DeFAZIO, et al
v.
LEADING EDGE RECOVERY SOLUTIONS, LLC
et al.

No. 2:10–cv–02945–WJM–MF.
Dec. 13, 2010.

Mr. Joseph K. Jones, Law Offices of Joseph K. Jones,
LLC, Fairfield, NJ, for Plaintiff.

Mr. Richard J. Perr, Fineman, Krekstein & Harris, PC,
Philadelphia, PA, for Defendants.

Ms. Kellie A. Lavery, Reed Smith, LLP, Princeton,
NJ, for Defendant, LVNV Funding, LLC.

**LETTER OPINION**
WILLIAM J. MARTINI, District Judge.
*1 Dear Litigants:

This matter comes before the Court on the motion
to dismiss of Defendant LVNV Funding, LLC
("LVNV" or "Defendant") for failure to state a claim
upon which relief may be granted pursuant to
Fed.R.Civ.P. 12(b)(6). There was no oral argument.
Fed.R.Civ.P. 78. For the reasons stated below, the
motion is **GRANTED** and Plaintiff's Complaint is
**DISMISSED WITHOUT PREJUDICE** as to
LVNV Funding, LLC.

**BACKGROUND**

Plaintiff, Lori DeFazio, on behalf of herself and
all others similarly situated, brings this Complaint
arising from Defendants', LVNV Funding, LLC (he-
reinafter "LVNV") and Leading Edge Recovery So-
lutions, LLC (hereinafter "LERS"), alleged violation
of 15 U.S.C. § 1692, et seq., the Fair Debt Collection
Practices Act (hereinafter "FDCPA"), which prohibits
debt collectors from engaging in abusive, deceptive
and unfair practices. See DeFazio, et al v. Leading
Edge Recovery Solutions, LLC, et al, No. 10–2945,
Document No. 1 (Compl. at ¶ 12). The Complaint
alleges that on or before November 27, 2009, LVNV
acquired from GE Capital a debt allegedly owed by
Plaintiff to GE Capital and assigned it to LERS for the
purpose of collections. (Id. at ¶¶ 15–16.) At that time,
Plaintiff received a collection letter from LERS de-
manding payment of $1,929.13 for the alleged debt.
(Id. at ¶ 17.) Later, on or before April 13, 2010,
Plaintiff received another collection letter from LERS
demanding payment of $2,039.00 for the same alleged
debt as set forth in the November 27th letter. (Id. at ¶
18.)

Now, Defendant LVNV brings this 12(b)(6) mo-
tion to dismiss Plaintiff's Complaint for failure to state
a claim. Id. at Document No. 7 (Mot. to Dismiss).
LVNV bases its motion on three arguments. First,
Plaintiff's Complaint fails to meet the 12(b)(6)
pleading standard as controlled by Bell Atlantic Corp.
v. Twombly, 127 S.Ct. 1955 (2007). Second, Plaintiff's
Complaint lacks any legal basis because Defendant
LVNV contends that it is not a "debt collector" subject
to potential liability under the FDCPA. Third, Plain-
tiff's Complaint lacks any factual basis since the col-
lection letters were sent by Defendant LERS, not
LVNV. Id. Plaintiff has filed a memorandum oppos-
ing LVNV's motion to dismiss. Id. at Document No.
12 (Br. in Opp'n). Plaintiff contends that the Com-

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2010 WL 5146765 (D.N.J.)
**(Cite as: 2010 WL 5146765 (D.N.J.))**

plaint is sufficient, that LVNV is in fact a "debt collector" subject to liability under the FDCPA, and that LVNV is vicariously liable for the actions of LERS. *Id.* Thus, the issues are: 1) whether Plaintiff's Complaint meets the 12(b)(6) pleading standard described in *Twombly,* 2) whether LVNV is a "debt collector" subject to liability under the FDCPA and 3) whether LVNV can be held vicariously liable for letters sent by LERS. These issues are addressed in turn.

### ANALYSIS

**1. Legal Standard**

In evaluating a motion to dismiss under Fed.R.Civ.P. 12(b), all allegations in the complaint must be taken as true and viewed in the light most favorable to the plaintiff. *See Warth v. Seldin,* 422 U.S. 490, 501 (1975); *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts, Inc.,* 140 F.3d 478, 483 (3d Cir.1998). When deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court may consider only the complaint, exhibits attached to the complaint, matters of public record, and undisputedly authentic documents if the plaintiff's claims are based upon those documents. *See Pension Benefit Guar. Corp. v. White Consol. Indus.,* 998 f.2d 1192, 1196 (3d Cir.1993). If after viewing the allegations in the complaint in the light most favorable to the plaintiff, it appears that no relief could be granted "under any set of facts that could be proved consistent with the allegations," a court may dismiss a complaint for failure to state a claim. *Hishon v. King & Spalding,* 467 U.S. 69, 73 (1984).

*2 Although a complaint does not need to contain detailed factual allegations, "the 'grounds' of [the plaintiff's] 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 127 S.Ct. at 1965. In other words, the United States Supreme Court has admonished that Federal Rule of Civil Procedure 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949

(2009). In *Iqbal,* the Supreme Court outlined the analytical framework for evaluating the sufficiency of a claim under the standards announced in *Twombly,* holding that "[a] pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement'." *Id.* (quoting *Twombly,* internal citations omitted). Thus, the factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level. *Twombly,* 127 S.Ct. at 1964–65. Furthermore, although a court must view the allegations as true in a motion to dismiss, it is "not compelled to accept unwarranted inferences, unsupported conclusions or legal conclusions disguised as factual allegations." *Baraka v. McGreevey,* 481 F.3d 187, 211 (3d Cir.2007).

**A. It is unclear whether Defendant LVNV is a "debt collector" under the FDCPA, thus the Complaint does not meet the *Twombly* standard**

The FDCPA applies only to "debt collectors," not "creditors." 15 U.S.C. § 1692a(6); *Pollice v. Nat'l Tax Funding, L.P.,* 225 F.3d 379, 403 (3d Cir.2000); *Staub v. Harris,* 626 F.2d 275, 277 (3d Cir.1980). The FDCPA defines a "debt collector" as:

> Any person who uses any instrumentality of interstate commerce of the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

15 U.S.C. § 1692a(6). "Creditor" is defined as: Any person who offers or extends credit creating a debt or to whom a debt is owed, but such term does not include any person to the extent that he receives an assignment or transfer of a *debt in default* solely for the purpose of facilitating collection of such debt for another.

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2010 WL 5146765 (D.N.J.)
(Cite as: 2010 WL 5146765 (D.N.J.))

15 U.S.C. § 1692a(4). (*Emphasis added* ). Moreover, a *"debt collector" does not include* any person collecting or attempting to collect any debt owed or due or asserted to owed or due another to the extent such activity concerns a debt *which was not in default* at the time it was obtained by such person. 15 U.S.C. § 1692a(6)(F)(iii); *FTC v. Check Investors, Inc.,* 502 F.3d 159, 171–175 (3d Cir.2007). (*Emphasis added* ). Although the Complaint conclusively states that LVNV is in the business of collecting debt and is a "debt collector" as defined by 15 U.S.C. § 1692a(6), it fails to state whether LVNV is in fact a debt collector as to Plaintiff's alleged individual debt specifically. *See DeFazio, et al v. Leading Edge Recovery Solutions, LLC, et al,* No. 10–2945, Document No. 1 (Compl.). Therefore, one of the questions that needs to be determined is whether Plaintiff's alleged debt owed to GE Capital was already in default at the time LVNV acquired the debt.

*3 Additionally, Plaintiff's Complaint alleges that "LVNV is primarily in the business of acquiring and/or collecting debts that are allegedly due to another and is therefore a 'Debt Collector' as that term is defined by 15 U.S.C. 1692a(6)." *Id.* at ¶ 10. This statement is not sufficient to identify LVNV as a debt collector. This is a formulaic recitation of the first sentence of the definition of "debt collector," which is precisely what *Iqbal* and *Twombly* advise against. This Court is not finding that LVNV is a "debt collector" based solely on Plaintiff's statement in her Complaint that LVNV is a "debt collector." This is an unsupported conclusion disguised as a factual allegation. Whether LVNV is a "debt collector" as defined by the FDCPA is a question of law. *Pollice,* 225 F.3d at 379. However, this Court has not heard sufficient factual allegations that support whether LVNV is a "debt collector" or a "creditor" beyond a mere speculative level. For example, the Complaint does not state the principal purpose of LVNV's business, how often LVNV collects debts due to third parties in its regular business practice, how long it has been doing so, etc. Furthermore, there are no factual allegations in the

Complaint as to where the debt in question originated from or as to the status of the debt owed to GE Capital at the time the debt was acquired by LVNV. The Plaintiff did not state in the Complaint whether the alleged debt owed to GE Capital was already in default at the time LVNV acquired the debt or any other factual allegations to support Plaintiff's contention that LVNV is a debt collector for the purposes of this case. These are all questions of fact, not of law. Thus, this Court cannot determine whether LVNV is a debt collector subject to liability under the FDCPA at this time; therefore, the Complaint is dismissed for failure to meet the pleading standard described in *Twombly.*

**B. It is unclear whether LVNV can be held vicariously liable based on letters sent by LERS**

The conduct Plaintiff complains of states the following:

> On or about November 27, 2009, Plaintiff received a collection letter from LERS. Upon receipt Plaintiff read said letter. Said letter demanded payment of $1,929.13, for the alleged debt. A copy of said letter is annexed hereto as Exhibit A.

> On or before April 13, 2010, Plaintiff received a collection letter from LERS. Upon receipt Plaintiff read said letter. Said letter demanded payment of $2,039.00, for the same alleged debt as set forth in the letter of November 27, 2010. A copy of said letter is annexed hereto as Exhibit B.

*Id.* at ¶¶ 17 and 18. Even though LVNV was identified on these letters as a "creditor," this alleged conduct was done by LERS, not LVNV. *See* Exhibits A and B attached to the Complaint. Defendant LVNV asserts that it cannot be held liable for violating the FDCPA based on letters it did not send. *Id.* at Document No. 7 (Mot. to Dismiss). The Plaintiff contends that LVNV should be held vicariously liable for violating the FDCPA based on letters sent on its behalf by LERS. *Id.* at Document No. 12 (Br. in Opp'n). The

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2010 WL 5146765 (D.N.J.)
**(Cite as: 2010 WL 5146765 (D.N.J.))**

Third Circuit has recognized that there are federal cases supporting a claim for vicarious liability under the FDCPA in certain circumstances. *Pollice,* 225 F.3d. When considering vicarious liability between debt collectors, the United States Court of Appeals in *Pollice* found, "[t]hat is a fair result because an entity that is itself a 'debt collector'-and hence subject to the FDCPA-should bear the burden of monitoring the activities of those it enlists to collect debts on its behalf." *Id.,* at 405–406. "[A]n entity that itself falls within the FDCPA's definition of 'debt collector' may be found vicariously liable for unlawful collection activities carried out by another on its behalf." *San-kowski v. Citibank (South Dakota), N.A.,* No. 06–CV–02469, 2006 WL 2037463, at *2 (E.D.Pa. July 14, 2006). In *Schutz v. Arrow Financial Services, LLC,* 465 F.Supp.2d 876, 876 (N.D. Illinois 2006), the court agreed with the *Pollice* court, "that a debt collector may be held vicariously liable for the actions of a second debt collector working as an agent for the first." As previously discussed, this Court does not find that LVNV is a "debt collector" based alone on the fact that the Complaint contains a conclusory statement that named LVNV as a "debt collector." Moreover, for the same reasons, this Court does not find that LVNV is a "creditor" based alone on the fact that the letters identified LVNV as a "creditor."

**\*4** In the instant case, for reasons outlined above, it is unclear on the face of the Complaint whether LVNV is a "debt collector" as defined by the FDCPA. As such, this Court cannot determine if both Defendants are debt collectors in order for vicarious liability to apply.

**CONCLUSION**

For the reasons stated above, Defendant LVNV's motion to dismiss pursuant Fed.R.Civ.P. 12(b)(6) is hereby **GRANTED** and Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE** as to LVNV Funding, LLC. An appropriate order follows.

D.N.J.,2010.

DeFazio v. Leading Edge Recovery Solutions, LLC
Not Reported in F.Supp.2d, 2010 WL 5146765 (D.N.J.)

END OF DOCUMENT

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **EDDY VERAS**, on behalf of himself and all others similarly situated | : | **Civil Action No. 1:13-cv-0175-RBK-JS** |
| | : | |
| Plaintiffs, | : | |
| **v.** | : | |
| | : | |
| **LVNV FUNDING, LLC,** | : | |
| **MRS BPO, LLC**, doing business as MRS Associates, | : | |
| | : | |
| Defendants. | : | |
| | : | |

### CERTIFICATE OF SERVICE

I, Edward W. Chang, hereby certify that on this date I caused a true and correct copy of the foregoing Notice of Motion to Dismiss, Memorandum of Law in Support of Defendants' Joint Motion to Dismiss Plaintiff's Complaint, and proposed Order to be filed via the Court's Electronic Case Filing ("ECF") system. Said documents are available for viewing and downloading from the ECF system. Counsel for Plaintiff was served with a copy of the foregoing via Federal Express on this date at the following address:

Benjamin Nazmiyal, Esquire
Benjamin Nazmiyal Law Group, P.C.
209 Main Street – Suite 2
Fort Lee, NJ 07024


/s/ Edward W. Chang


Date:  July 19, 2013


140975.00601 / 12328568v.8