IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| EDDY VERAS, on behalf of himself and all others similarly situated<br><br>Plaintiffs,<br>v.<br><br>LVNV FUNDING, LLC,<br>MRS BPO, LLC, doing business as MRS Associates,<br><br>Defendants. | Civil Action No. 1:13-cv-01745-RBK-JS |

**DEFENDANTS, LVNV FUNDING, LLC AND MRS BPO, LLC'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT**

Defendants, LVNV Funding, LLC ("LVNV") and MRS BPO, LLC d/b/a MRS Associates ("MRS")(collectively "Defendants"), submit this Answer to the Class Action Complaint ("Complaint") filed by Plaintiff, Eddy Veras ("Plaintiff"). Defendants deny all allegations set forth in the Complaint except to the extent such allegations are specifically admitted below:

**PRELIMINARY STATEMENT**

1. Defendants admit that Plaintiff purports to bring a civil action for damages and declaratory and injunctive relief, but deny that there is any legal or factual basis for same. Defendants deny the remaining allegations of Paragraph 1.

**JURISDICTION AND VENUE**

2. The allegations of Paragraph 2 are conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 2.

3. The allegations of Paragraph 3 are conclusions of law to which no response is

required. To the extent a response is required, Defendants deny the allegations of Paragraph 3.

## DEFINITIONS

4.  The allegations of Paragraph 4 are conclusions of law to which no response is required.

## PARTIES

5.  The allegations of Paragraph 5 are conclusions of law to which no response is required.

6.  Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 6. Therefore, the allegations are denied and strict proof thereof is demanded a trial.

7.  The allegations of Paragraph 7 are conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 7.

8.  Admitted.

9.  The allegations of Paragraph 9 are conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 9.

10. The allegations of Paragraph 10 are conclusions of law to which no response is required. To the extent a response is required, Defendant MRS denies the allegations of Paragraph 10.

11. Denied in part. LVNV is incorporated in the state of Delaware.

12. Denied. Defendant LVNV denies the allegations of paragraph 12 of the Complaint.

13. Denied. Defendant LVNV denies the allegations of paragraph 13 of the Complaint.

14.     Denied. Defendant LVNV denies the allegations of paragraph 14 of the Complaint.

15.     The allegations of Paragraph 15 are conclusions of law to which no response is required. To the extent a response is required, Defendant LVNV denies the allegations of Paragraph 15.

16.     The allegations of Paragraph 16 are conclusions of law to which no response is required. To the extent a response is required, Defendant LVNV denies the allegations of Paragraph 16.

17.     The allegations of Paragraph 17 are conclusions of law to which no response is required. To the extent a response is required, Defendant LVNV denies the allegations of Paragraph 17.

## FACTUAL ALLEGATIONS

15.     Admitted in part, denied in part. It is admitted that Plaintiff's action alleges that MRS attempted to collect consumer loans (credit card) made by HSBC Retail Services to Plaintiff Eddy Veras for personal, family, or household purposes and not for business purposes. To the extent Paragraph 15 implies any wrongdoing by MRS, those allegations are denied. The allegation that "[t]he loan was allegedly purchased by LVNV" is denied as vague, ambiguous, and incapable for a response as drafted as the term "loan" is undefined.[1]

16.     Denied. By way of further response, Paragraph 16 asserts allegations against HSBC Retail Services, a third party which is not joined to this lawsuit. Defendants have no

---

[1] It appears that this allegation and the allegations following thereafter were incorrectly numbered by Plaintiff. However for the sake of uniformity, Defendants will respond to the allegations in this section and the following sections as they appear numbered in Plaintiff's Complaint.

knowledge or information with respect to HSBC Retail Services and therefore deny the allegations of Paragraph 16 of the Complaint.

17. Admitted.

18. Admitted in part, denied in part. It is admitted that MRS sent Mr. Veras the letter attached to the Complaint as Exhibit A. Exhibit A to the Complaint is a document that speaks for itself and any characterization thereof is denied.

19. Admitted in part, denied in part. Exhibit A to the Complaint is a document that speaks for itself and any characterization thereof is denied. It is admitted only that Exhibit A states that "LVNV Funding, LLC has purchased the above referenced account from the above referenced Previous Creditor."

20. Admitted in part, denied in part. Exhibit A to the Complaint is a document that speaks for itself and any characterization thereof is denied. It is admitted only that Exhibit A states that the Account Balance if $1,796.48.

21. Denied. Exhibit B to the Complaint is a document that speaks for itself and any characterization thereof is denied.

22. Admitted in part, denied in part. Exhibit A to the Complaint is a document that speaks for itself and any characterization thereof is denied. It is admitted only that Exhibit A states that "LVNV Funding, LLC has advised us that interest will continue to accrue on your account as provided for in your agreement with the original creditor."

23. The allegations of Paragraph 23 are conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 23.

24. Denied. Exhibit A to the Complaint is a document that speaks for itself and any characterization thereof is denied.

25. Denied. Defendants deny the allegations of paragraph 25 of the Complaint.

26. The allegations of Paragraph 26 are conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 26.

27. The allegations of Paragraph 27 are conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 27.

28. The allegations of Paragraph 28 are conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 28.

## APPLICABLE PROVISIONS OF THE NEW JERSEY LICENSED LENDERS ACT

29. The allegations of Paragraph 29 are conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 29. To the extent that this paragraph was intended to state a claim under the New Jersey Consumer Finance Licensing Act ("NJCFLA"), such a claim has been dismissed by this Court and therefore no response is required.

30. The allegations of Paragraph 30 are conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 30. To the extent that this paragraph was intended to state a claim under the NJCFLA, such a claim has been dismissed by this Court and therefore no response is required.

31. The allegations of Paragraph 31 set forth a legal conclusion for which an answer either admitting or denying the assertions is not required.

32. The allegations of Paragraph 32 are conclusions of law to which no response is required.

33. The allegations of Paragraph 33 are conclusions of law to which no response is required.

34. Admitted.

35. Admitted.

36. Admitted.

37. Admitted.

38. Admitted in part, denied in part. It is admitted that LVNV is not licensed in New Jersey under the NJCFLA. To the extent Paragraph 38 is drawing a legal conclusion as to whether or not LVNV is required to be licensed in New Jersey, this a conclusion of law to which no response is required. To the extent a response is required, Defendants deny said allegations of Paragraph 38.

39. The allegations of Paragraph 39 are conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 39. To the extent that this paragraph was intended to state a claim under the NJCFLA, such a claim has been dismissed by this Court and therefore no response is required.

## CLASS ACTION ALLEGATIONS

40. Defendants admit that Plaintiff purports to bring this action as a class action, but denies that there is any legal or factual basis for same. Defendants deny the remaining allegations of Paragraph 40.

41. Defendants admit that Plaintiff purports to bring this action as a class action, but denies that there is any legal or factual basis for same. Defendants deny the remaining allegations of Paragraph 41.

42. Defendants admit that Plaintiff purports to bring this action as a class action, but denies that there is any legal or factual basis for same. Defendants deny the remaining allegations of Paragraph 42.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 et. seq.

43. Defendants replead their answers to Paragraphs 1 through and including 42, and by this reference hereby incorporate the same herein in this Paragraph, and make the same a part hereof as though fully set forth *verbatim*.

44. The allegations of Paragraph 44 are conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 44.

45. The allegations of Paragraph 45 are conclusions of law to which no response is required.

46. The allegations of Paragraph 46 are conclusions of law to which no response is required.

WHEREFORE, Defendants respectfully demand judgment dismissing Plaintiff's Complaint with prejudice and awarding Defendants such other and further relief that the Court may deem just and proper.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to set forth a cause of action for which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of estoppel, release, waiver, and/or laches.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff is not entitled to the relief requested as a matter of law.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's recovery is barred due to the fact that they come before the court with unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

Any harm or injury suffered by the Plaintiff is the result of Plaintiff's own actions and/or inactions.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs lack standing to assert the claims and defenses set forth in their Complaint.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the statute of limitations.

## EIGHTH AFFIRMATIVE DEFENSE

At all times, Defendants acted in good faith and complied with the FDCPA and relevant state laws.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by their failure to name indispensible parties.

Date:  April 7, 2014

/s/ Edward W. Chang
Kevin C. Rakowski, Esquire
Attorney ID No. 023511997
Edward W. Chang, Esquire
Attorney ID No. 026662002
Michael P. Trainor, Esquire
Attorney ID. No. 2932010
Blank Rome LLP
One Logan Square
Philadelphia, PA  19103
215-569-5500 (Telephone)
215-569-5555 (Fax)
KRakowski@blankrome.com
EChang@blankrome.com
MTrainor@blankrome.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| EDDY VERAS, on behalf of himself and all others similarly situated<br><br>Plaintiffs,<br>v.<br><br>LVNV FUNDING, LLC,<br>MRS BPO, LLC, doing business as MRS Associates,<br><br>Defendants. | Civil Action No. 1:13-cv-0175-RBK-JS |

**CERTIFICATE OF SERVICE**

I, Edward W. Chang, hereby certify that on this date I caused a true and correct copy of the foregoing Answer to be filed via the Court's Electronic Case Filing ("ECF") system. Said documents are available for viewing and downloading from the ECF system. Counsel for Plaintiff was served with a copy of the foregoing via Federal Express on this date at the following address:

Benjamin Nazmiyal, Esquire
Benjamin Nazmiyal Law Group, P.C.
209 Main Street – Suite 2
Fort Lee, NJ 07024

Date: April 7, 2014                                    /s/ Edward W. Chang

140975.00601/12400713v.1